UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                                :

JHOANA JUCA et al., as Parents and Natural Guardians  :
of K.A., a child with a disability, and JHOANA JUCA et  :
al., individually,                                 :

                                :              22-CV-9015 (JMF)
               Plaintiffs,       :

                                :      MEMORANDUM OPINION
       -v-                        :        AND ORDER
                                :

KAMAR H. SAMUELS et al.,             :

                                :
              Defendants.      :

                                :
-------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

Plaintiffs Jhoana Juca and Victor Arteaga, individually and on behalf of their minor child K.A ("Plaintiffs"), bring this action against the New York City Department of Education and its Chancellor (together, the "DOE") pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq.*[1]  Plaintiffs contend that the Impartial Hearing Officer ("IHO") and State Review Officer ("SRO") erred in denying their request for public funding of K.A.'s individual nursing services and assistive technology ("AT") devices (electronic devices that aid communication) for the 2021-22 school year.  Plaintiffs move, pursuant to Rule 56 of the Federal Rules of Civil Procedure, for summary judgment, asking the Court to reverse the SRO's decision and order the DOE to provide the funding in question.  The DOE cross-moves for summary judgment, seeking affirmance of the SRO's decision.  For the reasons that follow,

---

[1]    Kamar H. Samuels is now the Chancellor.  Accordingly, pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, he is automatically substituted for Defendant David C. Banks.

Plaintiffs' motion for summary judgment is GRANTED in part and DENIED in part, and the

DOE's cross-motion for summary judgment is GRANTED in part and DENIED in part.

## BACKGROUND

The Court assumes familiarity with the IDEA statutory scheme.  *See generally N.K. v. New York City Dep't of Educ.*, 961 F. Supp. 2d 577, 580-81 (S.D.N.Y. 2013) (explaining in detail the statutory scheme).  The following facts — which are undisputed in relevant part, *see* ECF No. 34, at 1-11 — are drawn from the parties' motion papers and records of which the Court can and does take judicial notice.  *See, e.g.*, *Double Green Produce, Inc. v. Forum Supermarket Inc.*, 387 F. Supp. 3d 260, 268 n.4 (E.D.N.Y. 2019) ("Courts can take judicial notice of governmental records." (citing *Richardson v. New York City Bd. of Educ.*, 711 F. App'x 11, 14 (2d Cir. 2017) (summary order)).

K.A. is a disabled adolescent girl who requires accommodations.  *See* ECF No. 24-2 (Administrative Record) (hereinafter "R"), at R25.[2]  Since the 2018-19 school year, she has attended the International Academy for the Brain, also known as iBrain.  R8-9.  On February 10, 2021, a Committee on Special Education ("CSE") convened to develop K.A.'s Individualized Education Program ("IEP") for the 2021-22 school year and recommended that she be placed in a specialized DOE school.  R9.  Plaintiffs disagreed with the CSE's recommendation and, on July 6, 2021, they filed a Due Process Complaint ("DPC"), alleging that the DOE had denied K.A. a fair and public education ("FAPE") for the 2021-22 school year and requesting public funding for K.A.'s tuition at iBrain and related services.  R10.  As relevant here, the DPC

---

[2]    The Honorable Jennifer H. Rearden, to whom this case was previously assigned, granted the parties permission to file the Administrative Record under seal.  *See* ECF No. 15.  But much of the relevant information about the proceedings — including the decisions of the IHO and SRO — were publicly filed as attachments to Plaintiffs' Complaint.  *See* ECF Nos. 1-1, 1-2, 1-3.

requested funding for the cost of "nurse services, . . . includ[ing] a 1:1 paraprofessional," "[r]eimbursement . . . of special education transportation," "[a]n order compelling the DOE to provide [AT] Services and Devices," and "[a]n order compelling the DOE to reimburse Parents for all costs associated with the Student's [AT] devices." R411; *see also* R10.

On August 20, 2021, the IHO assigned to the case issued a Pendency Order — a form of interim relief — that required the DOE to fully fund K.A.'s tuition at iBrain, nursing services, and transportation services until the resolution of the litigation. *See* R11 n.8. After several hearings, the IHO issued a final decision on April 4, 2022, that largely favored Plaintiffs except on the issues of payment for nursing services and AT devices. R24-37. The IHO declined to award Plaintiffs reimbursement for nursing services on the ground that iBrain's base tuition included a "school nurse" who, the IHO believed, was designated to care for K.A. on a 1:1 basis. R36. The IHO deemed Plaintiffs' request for AT device funding "withdrawn" because it was not included in their final request for relief in their post-hearing brief. R26 n.1.

Plaintiffs appealed and, in a June 23, 2022 decision, the SRO affirmed the IHO's order, albeit on slightly different grounds. *See* R7-21. On the nursing front, the SRO found — contrary to the IHO — that the provision of an additional full-time nurse for K.A. "was not excessive in addition to services that may have been provided by a school nurse at iBrain." R18. But the SRO nevertheless concluded that Plaintiffs had failed to provide sufficient evidence of a legal obligation "to pay the third-party agency for the nursing services delivered to the student," *id.*, because they submitted only an affidavit from the manager of the third-party nursing agency setting forth the terms of the contract, not a copy of the written contract itself or an invoice from the agency. *See* R18-19. On the AT front, the SRO determined that the parents "[did] not appeal the IHO's failure to award reimbursement for the costs of [AT] devices." R12 n.12. Thus, the

IHO's decision deeming that request withdrawn was binding on the parties. *See id*; *see also* R20 n.18 ("[T]he parents have not appealed that portion of the IHO's decision that denied their . . . request to be reimbursed for the costs of [AT] devices.").

On October 22, 2022, Plaintiffs filed their Complaint in this Court, alleging that the SRO's decisions regarding both nursing services and AT devices were erroneous. *See* ECF No. 1, ¶¶ 105-24. Plaintiffs have filed DPCs each year since, seeking, *inter alia*, the same types of reimbursement for tuition and related services at iBrain that they sought in this case. *See Juca v. Banks*, No. 24-CV-7154 (JGLC), 2025 WL 2452208, at *1-2 (S.D.N.Y. Aug. 26, 2025) (describing the DPCs filed by Plaintiffs for the 2022-23, 2023-24, and 2024-25 school years). On January 28, 2026, the case was reassigned from Judge Rearden to the undersigned.

**LEGAL STANDARDS**

A party seeking review of an administrative decision under the IDEA usually does so by way of a motion for summary judgment. *See Viola v. Arlington Cent. Sch. Dist.*, 414 F. Supp. 2d 366, 377 (S.D.N.Y. 2006); *see also M.W. ex rel. S.W. v. New York City Dep't of Educ.*, 725 F.3d 131, 138 (2d Cir. 2013) (noting that such motions form a "pragmatic procedural mechanism for reviewing administrative decisions" (internal quotation marks omitted)). In such cases, the Court conducts an "'independent' judicial review." *Walczak v. Fla. Union Free Sch. Dist.*, 142 F.3d 119, 129 (2d Cir. 1998) (quoting *Bd. of Educ. v. Rowley*, 458 U.S. 176, 205 (1982)). This entails (1) reviewing the record of the administrative proceedings; (2) hearing additional evidence at the request of a party; and (3) granting such relief as the Court deems appropriate based on the preponderance of the evidence. *See* 20 U.S.C. § 1415(i)(2)(C).

4

## DISCUSSION

As noted, Plaintiffs challenge the SRO's decisions regarding both nursing services and AT devices.  The Court will address each of the decisions in turn.

### A.  Nursing Services

On appeal, the DOE's principal argument for affirming the SRO's decision denying the funding of nursing services in the 2021-22 school year is that Plaintiffs' request is moot because they already received the funding pursuant to the terms of the IHO's Pendency Order.  *See* ECF No. 33 ("Defs.' Mem."), at 5-6; *see, e.g.*, *Martin-Trigona v. Shiff*, 702 F.2d 380, 386 (2d Cir. 1983) ("The hallmark of a moot case or controversy is that the relief sought can no longer be given or is no longer needed.").  Plaintiffs do not dispute that they already received the nursing services funding they sought through the DPC.  *See* ECF No. 36 ("Pls.' Reply"), at 2. Nevertheless, they contend that the issue is not moot because it implicates two exceptions to the mootness doctrine: first, that a defendant may not moot a case by voluntarily ceasing its allegedly unlawful conduct, *see id.* at 5-6; and second, that the issue the SRO decided — whether an affidavit from the nursing agency constitutes sufficient proof of their legal obligation to pay for nursing services — is "capable of repetition, yet evading review," *Press-Enter. Co. v. Superior Ct.*, 478 U.S. 1, 6 (1986); *see also* Pls.' Reply 2-5.

Plaintiffs' reliance on the first exception is plainly misplaced.  "The voluntary cessation of challenged conduct will not ordinarily render a case moot because a dismissal for mootness would permit a resumption of the challenged conduct as soon as the case is dismissed." *Am. Freedom Def. Initiative v. Metro. Transp. Auth.*, 815 F.3d 105, 109 (2d Cir. 2016) (internal quotation marks omitted).  Here, however, the issue was mooted because the DOE made payments to Plaintiffs pursuant to its statutory obligations under the Pendency Order, not

because it ceased any purportedly unlawful conduct.  Nor do Plaintiffs argue that dismissal of the claim would permit the DOE to claw back the funds it already paid out.  Accordingly, the voluntary cessation doctrine is entirely inapplicable to this issue.

The "capable of repetition, yet evading review," exception comes closer, but still falls short.  The exception permits courts to decide a case where "(1) the challenged action was in duration too short to be fully litigated prior to its cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subjected to the same action again."  *United States v. Quattrone*, 402 F.3d 304, 309 (2d Cir. 2005) (internal quotation marks omitted).  This Court recently applied that exception (in another case involving iBrain) to hold that a dispute over transportation funding in IDEA proceedings was not moot despite all funds being paid out pursuant to a Pendency Order.  *See Cohen v. Aviles-Ramos*, No. 25-CV-1195 (JMF), 2025 WL 3715102 (S.D.N.Y. Dec. 22, 2025).  Here, as there, the first prong of the test is fulfilled because "the parties' litigation over the . . . funding dragged on for months beyond the end of the school year for which it was owed."  *Id.* at *2.  But unlike in *Cohen*, the second prong of the test — that "there is a reasonable expectation that the same complaining party will be subjected to the same action again," *Quattrone*, 402 F.3d at 309 — is not met here because there is no "[e]vidence that [the] plaintiff[s] ha[ve] already begun to pursue litigation on the same . . . issue."  *Cohen*, 2025 WL 3715102 at *2.  To the contrary: In Plaintiffs' IDEA proceedings for the 2022-23 school year, they submitted a copy of the nursing services contract as evidence of their obligation to pay, which the SRO accepted.  *See In re Student with a Disability*, No. 24-187, at 11, OFF. OF STATE REV., https://perma.cc/G35V-2SYT (July 1, 2024) ("Accordingly, the parents are entitled to . . . nursing services as described in the contracts contained in the hearing record."); *see also Juca v. Banks*, No. 24-CV-7154 (JGLC), ECF No. 1-2 (S.D.N.Y. Aug. 26,

2025) (nursing services agreement for 2023-24 school year).  Accordingly, there is no reasonable expectation that the parties will engage in future litigation over this issue.

Plaintiffs also briefly argue that the issue of the DOE's liability for nursing services is capable of repetition because the SRO's decision could establish the baseline for a future pendency order and thus prevent K.A. from getting future interim relief.  *See* ECF No. 25 ("Pls.' Mem."), at 8.  But that is not correct.  As relevant here, once established, a pendency order can be altered only by "an agreement between the parents and the school district . . . [or] an un-appealed IHO or SRO decision on the merits."  *R.S. v. N.Y.C. Dep't of Educ.*, No. 21-CV-10596 (LJL), 2023 WL 2368987, at *2 (S.D.N.Y. Mar. 6, 2023).  The SRO found that K.A. was entitled to nursing services, *see* R18, and Plaintiffs naturally do not challenge that part of the SRO's decision.  Instead, they challenge only the adequacy of the evidence required to establish an obligation to pay.  That issue will have no bearing on the baseline relief K.A. is afforded in future pendency orders.

In sum, Plaintiffs' claim with respect to nursing services is indeed moot.  Accordingly, Plaintiffs' motion for summary judgment on the issue must be and is DENIED, and the DOE's cross-motion for summary judgment on the issue is GRANTED.[3]

## B.  Assistive Technology Devices

That leaves only the issue of whether the SRO erred in deciding that Plaintiffs forfeited any request for reimbursement for AT devices by failing to raise the issue on appeal.  As noted, that determination was based, in turn, on the IHO's finding that Plaintiffs had "withdrawn" their request for reimbursement because they did not include it in their final, post-hearing request for

---

[3]     The Court therefore need not and does not address Plaintiffs' argument that the SRO erred in refusing to accept the proffered affidavit as sufficient proof of their obligation to pay. *See* Pls.' Mem. 14-18.

relief.  R26 n.1.  "Under case law in this Circuit, the scope of the inquiry of the IHO, and therefore the SRO and this Court, is limited to matters either raised in the plaintiffs' [DPC] or agreed to by Defendant."  *E.F. v. New York City Dep't of Educ.*, No. 12-CV-2217 (MKB), 2013 WL 4495676, at *17 (E.D.N.Y. Aug. 19, 2013) (cleaned up); *see also* 20 U.S.C. § 1415(f)(3)(B) ("The party requesting the due process hearing shall not be allowed to raise issues at the due process hearing that were not raised in [the DPC], unless the other party agrees otherwise."). Additionally, "[b]ecause the decision of the IHO is 'binding upon both parties unless appealed' to the SRO, parties must appeal . . . any adverse findings of the IHO to preserve those arguments" for review by the SRO and, in turn, a federal court.  *M.Z. v. New York City Dep't of Educ.*, No. 12-CV-4111 (KBF), 2013 WL 1314992, at *6-7 (S.D.N.Y. Mar. 21, 2013) (citations omitted) (quoting N.Y. COMP. CODES. R. & REGS. tit. 8, § 200.5(j)(5)(v)).

In light of these standards, the Court concludes that the IHO and SRO erred in holding that Plaintiffs failed to preserve the argument that they were entitled to reimbursement for AT devices.  For starters, it is indisputable that Plaintiffs' DPC expressly requested "[a]n order compelling the DOE to reimburse Parents for all costs associated with the Student's AT devices," R411; *see also* R10 (acknowledging that the DPC contained this request), and was therefore properly before the IHO.  Like the IHO and SRO, the DOE does not cite — and the Court has not found — any authority supporting the IHO's decision to deem such a request withdrawn solely because it was not specifically made in Plaintiffs' post-hearing brief.  *See* R26 n.1.  In any case, Plaintiffs' post-hearing brief sought "direct payment for *all* costs," R188 (emphasis added), a demand that could be construed to include reimbursement for the AT devices.  What is more, the DOE itself construed it that way.  In *its* post-hearing brief before the IHO, the DOE argued that Plaintiffs' "request for reimbursement for costs associated with [AT]

8

devices should be denied." R164. And conspicuously, the DOE did not assert that Plaintiffs had forfeited the issue (and thus arguably forfeited the forfeiture argument itself).

It is at least arguable, then, that the IHO erred in deeming it withdrawn. But even if that were not so, Plaintiffs expressly argued in their appeal papers before the SRO that the IHO "should have ordered DOE to fund K.A.'s [AT] device," R77 ¶ 34, and requested that she "direct[] DOE to fund K.A.'s IEP-mandated [AT] device." R78 ¶ 35. And yet again, the DOE itself understood Plaintiffs to be pressing for reimbursement for AT devices. In its submissions to the SRO, it argued that Plaintiffs "are not entitled to funding for AT devices," and expressly asked the SRO to "reject the [Plaintiffs'] request that the SRO order the DOE to fund the . . . AT devices." R85. And yet again, it made no argument about forfeiture.

For these reasons, the Court concludes that the SRO erred in determining that Plaintiffs forfeited their request for reimbursement for AT devices. The Court, however, declines to accept Plaintiffs' invitation to order the DOE to provide such reimbursement in the first instance. *See* Pls.' Mem. 22.[4] The question of whether AT devices should be treated like any other service (and thus warrant reimbursement) for the purposes of a FAPE implicates "the specialized knowledge and experience necessary to resolve persistent and difficult questions of educational policy," and thus should be considered by the SRO (if not IHO) in the first instance. *Grim v. Rhinebeck Cent. Sch. Dist.*, 346 F.3d 377, 381 (2d Cir. 2003). The Court therefore remands the case to the SRO for proceedings consistent with this Memorandum Opinion and Order.

---

[4]    Plaintiffs' opening brief requests this Court to direct the DOE "to fund or otherwise provide" AT devices to K.A. Pls.' Mem. 1. But their reply brief requests only reimbursement for the AT devices provided. *See* Pls.' Reply 21. It is therefore not clear whether they maintain their request for the direct provision of AT devices for the 2021-22 school year. But to the extent they do, the request is denied as moot because that school year has long since ended and it would be impossible for the Court to order such relief at this point.

## CONCLUSION

In sum, the Court GRANTS Plaintiffs' motion for summary judgment to the extent that it seeks vacatur of the SRO's holding that they forfeited their argument for reimbursement for AT devices and otherwise DENIES their motion.  It GRANTS the DOE's cross-motion for summary judgment on the issue of mootness with respect to nursing services funding and otherwise DENIES the cross-motion.  The case is remanded to the SRO for further proceedings with respect to reimbursement for AT devices consistent with this Memorandum Opinion and Order.

The Clerk of Court is directed to substitute Kamar H. Samuels for Defendant David C. Banks, to update the caption accordingly, to terminate ECF Nos. 22 and 32, to enter judgment consistent with this Memorandum Opinion and Order, and to close the case.

SO ORDERED.

Dated: February 17, 2026
      New York, New York

_____
JESSE M. FURMAN
United States District Judge

10